TPW/JCC: USAO 2019R00227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-181** |
| | * | |
| **RONDELL HENRY,** | * | (Attempting to Provide Material |
| | * | Support and Resources to a Foreign |
| **Defendant** | * | Terrorist Organization, 18 U.S.C. |
| | * | § 2339B; Interstate Transportation |
| | * | of Stolen Vehicle, 18 U.S.C. § 2312; |
| | * | Forfeiture, 18 U.S.C. §§ 981(a)(1)(C) |
| | * | & (a)(1)(G) and 982(a)(5), 21 U.S.C. |
| | * | § 853(p), 28 U.S.C. § 2461(c)) |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Attempting to Provide Material Support and Resources
to a Foreign Terrorist Organization)

The Grand Jury for the District of Maryland charges that:

### Background on ISIS

1. On or about October 15, 2004, the United States Secretary of State designated al-Qaeda in Iraq ("AQI"), then known as Jama'at al-Tawhid wa'al-Jihad as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act ("INA") and as a Specially Designated Global Terrorist under section 1(b) of Executive Order 13224. On or about May 15, 2014, the Secretary of State amended the designation of AQI as an FTO under Section 219 of the INA and as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order 13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as its primary name. The Secretary of State also added the following aliases to the FTO listing: The Islamic State of Iraq and al-Sham ("ISIS" – which is how the FTO will be referenced herein),

The Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production. In an audio recording publicly released on June 29, 2014, ISIS announced a formal change of its name to the Islamic State. On September 21, 2015, the Secretary added the following aliases to the FTO listing: Islamic State, ISIL, and ISIS. To date, ISIS remains a designated FTO.

## The Charge

2.  From on or about March 26, 2019, until on or about March 28, 2019, in the District of Maryland and elsewhere, the defendant,

**RONDELL HENRY,**

did knowingly attempt to provide material support and resources, including personnel (specifically himself) and services, to an FTO—namely, ISIS—knowing that the FTO was a designated terrorist organization and that the FTO had engaged, and engages, in terrorist activity and terrorism.

18 U.S.C. § 2339B

## COUNT TWO
### (Interstate Transportation of Stolen Vehicle)

The Grand Jury for the District of Maryland further charges that:

On or about March 27, 2019, in the District of Maryland and elsewhere, the defendant,

**RONDELL HENRY,**

did transport in interstate commerce from Virginia to Maryland a motor vehicle—that is, a U-Haul van—knowing the same to have been stolen.

18 U.S.C. § 2312

## **FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) & (a)(1)(G) and 982(a)(5), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One and Count Two of this Superseding Indictment.

### **Count One Forfeiture**

2. As a result of the offense set forth in Count One, the defendant,

**RONDELL HENRY,**

shall forfeit to the United States all assets, foreign or domestic, (i) of the defendant; (ii) acquired and maintained by the defendant with the intent and for the purpose of supporting, planning, conducting, and concealing the violation; and (iii) derived from, involved in, and used and intended to be used to commit the violation.

### **Count Two Forfeiture**

3. As a result of the offense set forth in Count Two, the defendant,

**RONDELL HENRY,**

shall forfeit to the United States any property, real and personal, which constitutes or is derived from proceeds traceable to the violation, and any property, real and personal, which represents or is traceable to the gross proceeds obtained, directly or indirectly, as a result of such violation.

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property.

18 U.S.C. § 981(a)(1)(C) & (a)(1)(G)
18 U.S.C. § 982(a)(5)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Robert K. Hur*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**              Date: August 28, 2019
Foreperson