IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-181** |
| | * | |
| **RONDELL HENRY,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

### RESPONSE TO DEFENSE MOTION FOR COMPETENCY EVALUATION

The defendant filed a Motion for a Competency Evaluation and Hearing on September 16, 2019. The Government has no objection to the Motion. However, the order proposed by the defendant contains a paragraph that, to the Government's knowledge, is not supported by any statute or controlling caselaw. Specifically, in paragraph 5, the defendant's proposed order seeks to bar the use of any statement made by the defendant during the competency evaluation, or the fruits thereof, in any criminal proceeding "except on an issue regarding competency or mental condition as outlined in Fed. R. Crim. P. 12(c)(4)." This proposed language should not be accepted by the Court.

First, it is premature to cabin the future use of the defendant's statements, in the absence of knowing what those statements might be and what hearings may arise in this case going forward. For example, the Government may wish to cross-examine the defendant regarding his statements if he elects to testify at a hearing or trial, or a party (either the Government or the defendant) may wish to use the defendant's statements at sentencing. Second, Rule 12(c)(4) arguably does not apply to this proceeding. No statute or controlling case commands its imposition here. Third, the defendant's proposed language is not language commonly used in competency orders signed by other judges in this District. For example, the defendant's proposed language does not appear in

competency orders signed by Judge Hazel in *United States v. Nelash Das*, Crim. No. GJH-16-502, ECF No. 78,[1] or by Judge Grimm in *United States v. Saundra Lucille White*, PWG-13-436, ECF No. 104.

The admissibility of statements made by the defendant during a competency evaluation can be litigated, if ever, at a later date, if and when a party decides to attempt to admit the statements. The Court should not resolve the potential issues now, in the absence of complete information. Accordingly, the Government proposes that the Court issue an order, attached as **Exhibit A**, that is substantively identical to the competency evaluation order entered by Judge Hazel in *United States v. Das*. The *Das* order is attached as **Exhibit B**, for comparison purposes.

In order to expedite a ruling on the defendant's Motion, the parties request a telephonic hearing at the Court's earliest opportunity.[2]

                                                  Respectfully submitted,

                                                  Robert K. Hur
                                                  United States Attorney

By:         /s/
           Thomas P. Windom
           Assistant United States Attorney

---

[1] Das, just like the defendant here, has been charged with violating 18 U.S.C. § 2339B.

[2] The only other substantive difference between the defendant's proposed order and the Government's proposed order is that the Government's order, consistent with the statute, allows the examination to be conducted by a "licensed or certified psychiatrist or psychologist," not just a licensed one. The Government is presently unaware of the difference between these terms, but in an abundance of caution the statutory language should be followed.