## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. PX-19-0181** |
| | * | |
| **RONDELL HENRY,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ******* | |

## ORDER

On April 4, 2019, the defendant was charged by criminal complaint with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). He made his initial appearance on the same date. Dkt. No. 1, 4. On April 9, 2019, the defendant was ordered detained pursuant to an order of the court granting the government's motion for detention pending trial. Dkt. No. 10, 12. The defendant was housed initially at the Chesapeake Detention Facility ("CDF").

On April 10, 2019, a federal grand jury returned an indictment in the above-captioned matter, charging the defendant with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). Dkt. No. 13. On April 29, 2019, the defendant made his initial appearance on the indictment, an arraignment was held and the defendant entered a plea of not guilty. Dkt. No. 29.

On August 28, 2019, a federal grand jury returned a two-count superseding indictment charging the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2239B and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. The defendant has yet to have an initial appearance or be

arraigned on the superseding indictment.

Defense counsel petitioned the Court to order a psychiatric exam to determine whether the defendant was competent to stand trial. (ECF No. 34).  The Court granted the defense counsel's request by an order dated October 3, 2019. (ECF No. 39).

The ordered evaluation has concluded.  Based on this evaluation, the parties agree that the defendant is not competent to proceed with trial at this time and that the Court should find by a preponderance of the evidence that the defendant is presently incompetent.  Consistent with the forensic psychologist's conclusion, the parties also agree that formal competency restoration procedures at a Federal Medical Center should be initiated.

When "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d).  The defendant is then hospitalized at a BOP facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

This Court held a hearing on February 28, 2020.  The defendant appeared in person with the assistance of defense counsel. Based on the report of the forensic psychologist, the consent of the parties, and any additional information from the hearing conducted by this Court on February 28, 2020, this Court finds by a preponderance of the evidence that the defendant presently is not competent to proceed to trial.  Accordingly, the defendant is remanded for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to

determine whether there is a substantial probability that in the foreseeable future he will attain the

capacity to permit the proceedings to go forward.  The Court also recommends that, to the extent

possible, BOP initiate formal competency restoration procedures at a Federal Medical Center.


_____2/28/20_____                    _____/S/_____
Date                                     Hon. Paula Xinis
                                         United States District Judge