**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-0181** |
| | * | |
| **RONDELL HENRY,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## ORDER

On April 4, 2019, the defendant was charged by criminal complaint with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). He made his initial appearance on the same date. Dkt. No. 1, 4. On April 9, 2019, the defendant was ordered detained pursuant to an order of the court granting the Government's motion for detention pending trial. Dkt. No. 10, 12. The defendant was housed initially at the Chesapeake Detention Facility ("CDF").

On April 10, 2019, a federal grand jury returned an indictment in the above-captioned matter, charging the defendant with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). Dkt. No. 13. On April 29, 2019, the defendant made his initial appearance on the indictment, an arraignment was held and the defendant entered a plea of not guilty. Dkt. No. 29.

On August 28, 2019, a federal grand jury returned a two-count superseding indictment charging the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2239B, and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. The defendant has yet to have an initial appearance or be

arraigned on the superseding indictment.

Defense counsel petitioned the Court to order a psychiatric exam to determine whether the defendant was competent to stand trial. (ECF No. 34). The Court granted the defense counsel's request by an order dated October 3, 2019. (ECF No. 39).

The ordered evaluation occurred at the Federal Detention Center, SeaTac in SeaTac, Washington, a Bureau of Prisons ("BOP") facility. Based on the evaluations and conclusions of a forensic psychologist, the parties agreed that the defendant is not competent to proceed with trial at this time and that the Court should find by a preponderance of the evidence that the defendant is presently incompetent. Consistent with the forensic psychologist's conclusion, the parties also agreed that formal competency restoration procedures at a Federal Medical Center should be initiated.

When "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The defendant is then hospitalized at a BOP facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

This Court held a hearing on February 28, 2020. The defendant appeared in person with the assistance of defense counsel. Based on the report of the forensic psychologist, the consent of the parties, and any additional information from the hearing conducted by this Court on February 28, 2020, this Court found by a preponderance of the evidence that the defendant presently was not

competent to proceed to trial. Accordingly, the defendant was remanded for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward. The Court also recommended that, to the extent possible, BOP initiate formal competency restoration procedures at a Federal Medical Center. The Court entered an order documenting its findings, ruling, and recommendation at ECF No. 44 on February 28, 2020.

Shortly after the Court entered its order, the effects of the COVID-19 pandemic reached the Courthouse and court operations. For example, the federal courthouse in Greenbelt, Maryland, closed for in-person proceedings from approximately March 18, 2020, through June 22, 2020. The pandemic also hindered the ability of the U.S. Marshal Service to transport the defendant; for a period of at least several weeks, for example, the Marshal Service suspended airlifts for prisoner transports. The pandemic also hindered the ability of medical staff for the Bureau of Prisons to evaluate the defendant; this is especially true because the defendant was to be sent to Butner, North Carolina, which is the location of certain facilities that were especially hard-hit by the pandemic.

Under 18 U.S.C. § 4241(d)(2)(A), the Court is permitted to extend the time of the defendant's hospitalization "for an additional reasonable period of time until his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." Based on the unprecedented effects on Court and Government operations brought about by the pandemic, the report of the forensic psychologist, the consent of the parties, and additional information provided by the parties on a telephonic status call held on June 29, 2020, the Court hereby orders the defendant's continued commitment to the custody of the Attorney General for an additional period

- 4 -

of no more than four months for placement in a suitable BOP facility.  Consistent with the Court's prior order, the Court also recommends that, to the extent possible, BOP initiate formal competency restoration procedures at a Federal Medical Center.

Furthermore, a status call in this case is scheduled for October 30, 2020, at 10:00 a.m.

| | |
|---|---|
|    6/30/20 |    /S/ |
| Date | Hon. Paula Xinis |
| | United States District Judge |