IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO. PX-19-181** |
| | * | |
| **RONDELL HENRY,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |
| | ****** | |

## ORDER

On April 4, 2019, the defendant was charged by criminal complaint with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). He made his initial appearance on the same date. ECF No. 1, 4. On April 9, 2019, the defendant was ordered detained pursuant to an order of the court granting the Government's motion for detention pending trial. ECF No. 10, 12. The defendant was housed initially at the Chesapeake Detention Facility ("CDF").

On April 10, 2019, a federal grand jury returned an indictment in the above-captioned matter, charging the defendant with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 981(a)(1)(C). ECF No. 13. On April 29, 2019, the defendant made his initial appearance on the indictment, an arraignment was held, and the defendant entered a plea of not guilty. ECF No. 29.

On August 28, 2019, a federal grand jury returned a two-count superseding indictment charging the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2239B, and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. The defendant has yet to have an initial appearance or be

arraigned on the superseding indictment.

Defense counsel petitioned the Court to order a psychiatric exam to determine whether the defendant was competent to stand trial. (ECF No. 34). The Court granted the defense counsel's request by an order dated October 3, 2019. (ECF No. 39).

The ordered evaluation occurred at the Federal Detention Center, SeaTac in SeaTac, Washington, a Bureau of Prisons ("BOP") facility. Based on the evaluations and conclusions of a forensic psychologist, the parties agreed that the defendant was not competent to proceed with trial at this time and that the Court should find by a preponderance of the evidence that the defendant is presently incompetent. Consistent with the forensic psychologist's conclusion, the parties also agreed that formal competency restoration procedures at a Federal Medical Center should be initiated.

When "the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). The defendant is then hospitalized at a BOP facility "for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(1).

This Court held a hearing on February 28, 2020. The defendant appeared in person with the assistance of defense counsel. Based on the report of the forensic psychologist, the consent of the parties, and any additional information from the hearing conducted by this Court on February 28, 2020, this Court found by a preponderance of the evidence that the defendant presently was not

competent to proceed to trial. Accordingly, the defendant was remanded for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there was a substantial probability that in the foreseeable future he would attain the capacity to permit the proceedings to go forward.  The Court also recommended that, to the extent possible, BOP initiate formal competency restoration procedures at a Federal Medical Center. The Court entered an order documenting its findings, ruling, and recommendation at ECF No. 44 on February 28, 2020.

Shortly after the Court entered its order, the effects of the COVID-19 pandemic reached the Courthouse and court operations. The Court entered appropriate orders extending the time of the defendant's hospitalization and placement in BOP custody.

On November 20, 2020, BOP forensic psychologist Brianna Grover submitted a report to the Court in which she provides her opinion that the defendant "is currently suffering from a mental disease or defect . . . which renders him not competent to stand trial." Report at 15. Dr. Grover requested "another 120-day evaluation and treatment period, pursuant to Title 18, U.S.C., Section 4241(d). Report at 15.

On February 25, 2021, consistent with 18 U. S. C. § 4241(d)(2)(A), and for the same reasons for the prior order issued under that statute, this Court ordered the defendant's continued commitment to the custody of the Attorney General for an additional reasonable period of hospitalization, not to exceed four months, to determine if continue psychiatric and psychological treatment will render the defendant competent to proceed to trial.  (ECF No. 53).

On July 1, 2021, BOP forensic psychologist Brianna Grover submitted a report to the Court in which she provides her opinion that the defendant "is currently suffering from a mental disease or defect, which renders him not competent to stand trial." *See* Second Report at 15.  Furthermore, Ms. Grover respectfully requested this Court "issue an order for the FMC to submit an Addendum to the

Forensic Evaluation which will outline in detail any proposed treatment plan and further details pertinent to the remaining factors pursuant to *Sell v. United States*.

Counsel for the Government and the defendant have advised that they do not object to the proposed addendum being provided by the BOP forensic psychologist and/or staff at FMC Butner. Accordingly, the Court hereby orders that BOP forensic psychologists and/or staff submit the proposed addendum referenced above and in the report submitted on July 1, 2021 by BOP forensic psychologist Brianna Grover. The referenced report shall be submitted within 30 days of the issuance of this order.

| | |
|---|---|
| 7/16/21 | /S/ |
| Date | Hon. Paula Xinis |
| | United States District Judge |