IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-19-181 |
| | * | |
| RONDELL HENRY, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S MOTION FOR EXAMINATION
## TO DETERMINE EXISTENCE OF SANITY AT TIME OF OFFENSE

The United States of America, by and through its undersigned attorneys, hereby respectfully moves for an order requiring that a psychiatric or psychological examination of the defendant be conducted in order to determine the existence or nonexistence of insanity at the time of the offenses charged.

### Background

On August 28, 2019, a federal grand jury for the District of Maryland returned a two-count superseding indictment charging the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B, and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312.  ECF No. 29.

On October 3, 2019, on a motion of defense counsel, the Court ordered a psychiatric examination to determine whether the defendant was competent to stand trial.  ECF No. 39.  On February 28, 2020, following a competency hearing, the Court issued an order finding that the Defendant was not competent to stand trial.  ECF No. 44.  Accordingly, the Court ordered the defendant remanded for a period of no more than four months to the custody of the Attorney General for placement in a suitable BOP facility to determine whether there was a substantial probability that

in the foreseeable future he would attain the capacity to permit the proceedings to go forward. *Id.* The Court subsequently issued orders extending the commitment of the Defendant to the custody of the Attorney General for additional periods of evaluation and treatment. *See* ECF Nos. 53, 73, 75. A competency hearing is currently set in this matter for May 3, 2022.

On April 30, 2022, the defendant, through counsel, filed notice under Rule 12.2(a) of intent to assert a defense of insanity at the time of the offense.

## Argument

If a defendant files notice under Rule 12.2(a), then Rule 12.2(c)(1)(B) requires the Court to order the defendant to be examined under 18 U.S.C. § 4242. Accordingly, the Government now moves for an order under § 4242(a) for a psychiatric or psychological examination of the defendant. Pursuant to § 4242(a), the examination (and the filing of the report thereafter) will proceed consistent with § 4247(b) and (c).

The defendant already is at a BOP facility pursuant to the Court's previous competency evaluation order. The sanity evaluation, to the extent possible, should take place while the defendant already is at the particular BOP facility. The selection of the psychiatrist or psychologist at the particular BOP facility is appropriately left to the discretion of the Attorney General.

A proposed order is attached.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Jessica C. Collins
Assistant United States Attorney

Coreen Mao
Special Assistant United States Attorney