IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-19-181 |
| | * | |
| RONDELL HENRY, | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT

Upon consideration of the Consent Motion to Exclude Time Under the Speedy Trial Act, the Court makes the following findings:

1. On April 3, 2019, the defendant was charged by criminal complaint with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312.  ECF No. 1.  He made his initial appearance on April 4, 2019.  ECF No. 4.  On April 9, 2019, the defendant was ordered detained pending trial.  ECF Nos. 10, 12.

2. On April 10, 2019, a federal grand jury returned an indictment in the above-captioned matter, charging the defendant with one count of interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312.  ECF No. 13.  On April 29, 2019, the defendant made his initial appearance on the indictment, an arraignment was held, and the defendant entered a plea of not guilty.  ECF No. 16.

3. On August 28, 2019, a federal grand jury returned a two-count superseding indictment charging the defendant with attempting to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2239B, and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312.  ECF No. 29.  On September 23, 2022, the defendant had an initial appearance and arraignment on the superseding indictment, and the defendant entered

a plea of not guilty on both counts. ECF No. 91.

4. In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs. However, pursuant to 18 U.S.C. § 3161(h)(7), the Court may grant a continuance of speedy trial when the ends of justice are served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. The time period from April 29, 2019 through September 13, 2019 was excluded from the time within which trial must commence under 18 U.S.C. § 3161(c) pursuant to consent motions filed by the Government, ECF Nos. 18, 21, 27, and granted by the Count. ECF Nos. 19, 23, 32.

6. On September 12, 2019, the Court and the parties conducted a conference call where the parties jointly expressed the potential for a competency evaluation for the defendant. The parties additionally agreed that speedy trial calculations would be tolled until the competency hearing and its findings were finalized. ECF No. 34.

7. The defendant thereafter underwent a competency evaluation and competency restoration procedures as ordered by the Court. ECF Nos. 44 (remanding the defendant to the custody of the Attorney General for placement in a suitable Bureau of Prisons facility for competency restoration procedures), 46, 53, 73, 75. A competency hearing was held on May 3, 2022, and on May 9, 2022, the Court entered an order finding by a preponderance of the evidence that the defendant is competent to stand trial. ECF No. 83.

8. In the May 9, 2022 order, the Court also granted the Government's Motion for Examination to Determine Existence of Sanity at Time of Offense. ECF No. 83. The Court further

excluded the time period from May 3, 2022 through June 27, 2022 from the time within which trial must commence under 18 U.S.C. § 3161(c). *Id.*

9. The examination has concluded and the defendant arrived back in the District of Maryland on August 15, 2022. Status calls were held on August 19, 2022, October 21, 2022, January 3, 2023, and May 1, 2023. ECF Nos. 88, 92, 93, 102. Pursuant to the May 1, 2023 status call, the Court set trial and pre-trial deadlines. ECF No. 103. Pursuant to consent motions filed by the Government, the time period from June 28, 2022 through May 5, 2023 has been excluded from the Speedy Trial Clock. ECF Nos. 90, 100, 101.

10. The Government and the defendant agree that it is in their mutual interests to exclude the time from **May 6, 2023** through **October 23, 2023** in computing the time within which trial must commence under 18 U.S.C. § 3161(h)(7), in order for the defense to continue to review discovery, for the parties to explore potential pre-trial resolution, and that the ends of justice are served by the requested continuance.

11. For the foregoing reasons, the ends of justice will be served by excluding the requested time in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the defendant in a speedy trial.

| | |
|---|---|
| 5/10/23 | /S/ |
| Date | Hon. Paula Xinis<br>United States District Judge |

3