KOG 8/9/23
JCC/CM/JJI: USAO 2019R00227



### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PX-19-181 |
| | * | |
| RONDELL HENRY, | * | (Attempt to Perform Act of Violence |
| | * | at an International Airport, 18 U.S.C. |
| Defendant | * | § 37(a)(1); Forfeiture, 18 U.S.C. |
| | * | §§ 981(a)(1)(C) & (a)(1)(G) and |
| | * | 982(a)(5), 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## SUPERSEDING INFORMATION

### COUNT ONE
(Attempt to Perform Act of Violence at an International Airport)

The United States Attorney for the District of Maryland charges that:

On or about March 27, 2019, in the District of Maryland, the Eastern District of Virginia, and elsewhere, the defendant,

**RONDELL HENRY,**

attempted, unlawfully and intentionally, to use a device and weapon—that is, a U-Haul van—to perform an act of violence against a person at Dulles International Airport, an airport serving international civil aviation, that was likely to endanger safety at that airport and that was likely to cause death and serious bodily injury.

18 U.S.C. § 37(a)(1)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 981(a)(1)(C) & (a)(1)(G), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Superseding Information.

## Count One Forfeiture

2. Upon conviction of the offense set forth in Count One, the defendant,

**RONDELL HENRY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, and, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic, (i) of the defendant; (ii) acquired and maintained by the defendant with the intent and for the purpose of supporting, planning, conducting, and concealing the violation; and (iii) derived from, involved in, or used or intended to be used to commit the violation.

## Substitute Assets

4. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 981(a)(1)(C) & (a)(1)(G)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date: 08/17/2023

Erek L. Barron
United States Attorney